```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF INDIANA
                    SOUTH BEND DIVISION
```

| | |
|---|---|
| CHARLES M. FORGEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  NO. 3:11-CV-397 |
| | ) |
| MIDLAND FUNDING, LLC, | ) |
| CHRISTOPHER M. MANHART, | ) |
| DOES 1 THROUGH 10, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on the Notice of Removal and Application to Proceed in District Court Without Prepaying Fees or Costs, filed by Plaintiff, Charles M. Forgey ("Forgey"), on October 13, 2011. Forgey's *in forma pauperis* petition is **TAKEN UNDER ADVISEMENT**. The Clerk is **ORDERED** to send Forgey a blank copy of Form AO 239 together with a copy of this order.

For the reasons set forth below, this Court **ORDERS** that, **BY NOVEMBER 14, 2011,** Forgey:

(1) submit copies of all records and proceedings in cause number 20D06-1007-CC-400;

(2) file a memorandum stating

    (a) the basis for his assertion that this Court has jurisdiction over the claim or claims originating in 20D06-1007-CC-400 with precision;

    (b) why Forgey believes his removal was timely under 28 U.S.C. § 1446; and

>       (c) whether it is Forgey's intention to bring
>       a separate lawsuit against Midland Funding
>       LLC, Christopher M. Manhart, and Does 1
>       through 10, or whether he intends to bring a
>       counter, cross, or third-party claim against
>       these defendants as part of the same action
>       which he has removed to this Court; and

(3) either pay the $350 civil filing fee or return a completed Form AO 239.

**Failure to comply with this Court's order may result in remand of the Elkhart Superior Court action, 20D06-1007-CC-400, and dismissal of his complaint.**

BACKGROUND

On October 13, 2011, Forgey filed both a notice of removal and a complaint with this Court, in addition to an application to proceed *in forma pauperis*. The notice of removal removes to this Court a case originally filed in the Elkhart Superior Court, under cause number 20D06-1007-CC-400. The complaint filed in the Elkhart Superior Court was not filed along with the notice of removal, but was filed with this Court on October 17, 2011. The action originating in the Elkhart Superior Court was filed on July 26, 2010, and is an action for alleged failure to pay a credit card debt. Because only the complaint and summons have been filed, this Court is not aware of the current status of this case.

Forgey filed, along with his notice of removal, a copy of a complaint in which he names Midland Funding, LLC, Christopher M. Manhart, and Does 1 through 10 as defendants. This complaint

alleges violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* It is not clear from the record whether these claims have been previously raised in the Elkhart Superior Court.

DISCUSSION

A case may be removed from state court to federal court if it is based on statutorily permissible grounds and if it is timely. *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004). *See* 28 U.S.C. § 1441; 28 U.S.C. § 1446. The Seventh Circuit has directed that, "[c]ourts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum. Any doubt regarding jurisdiction should be resolved in favor of the states, and the burden of establishing federal jurisdiction falls on the party seeking removal." *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)(citations omitted). The party seeking removal must demonstrate that removal is proper. *Boyd*, 366 at 529. "[I]t is not enough to file a pleading and leave it to the court or the adverse party to negate jurisdiction." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447 (7th Cir. 2005)(*citing Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Even where not challenged by the opposing party, "federal courts are always obliged to inquire *sua sponte* whenever a doubt arises as to the existence of federal

jurisdiction." *Tylka v. Gerber Products Co.*, 211 F.3d 445, 447 (7th Cir. 2000)(quotation marks and citation omitted).

Defendants desiring to remove a civil action from state court to federal court must comply with the procedures set forth in 28 U.S.C. § 1446. These procedures mandate that the notice of removal must be accompanied by "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." Although Forgey has now provided a copy of the complaint filed in state court on July 26, 2011, he does not appear to have provided all documents that have been served on him in the state court action.  28 U.S.C. § 1447 provides that the district court can require the removing party to provide copies of "all records and proceedings in such state court." Without the complete state court record, this Court is not in a position to review whether removal is proper. Forgey is therefore **ORDERED** to provide this Court with all records and proceedings in cause number 20D06-1007-CC-400.

Forgey claims in his notice of removal that "[r]emoval is proper because Defendant s [sic] filed suit in the federal court claiming matters which involve federal questions." Forgey's notice of removal focuses on the federal nature of his claims against the defendants. The complaint filed with his notice of removal asserts a federal claim for which this Court would have subject matter jurisdiction, but Forgey's notice of removal needs to address what it is about the state court action that he has removed that allows this Court to exercise jurisdiction over the case. At this

juncture, there is no indication that any federal claims were raised in the state court action prior to Forgey's removal. Accordingly, Forgey is also **ORDERED** to file a memorandum stating with precision the basis for his assertion that this Court has jurisdiction over the claim originally filed in 20D06-1007-CC-400.

28 U.S.C. § 1446 provides in part that a notice of removal:

> shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b). There are certain exceptions to this, when for example a pleading is later amended to assert a federal claim and therefore becomes removable, but this Court has no information suggesting that they are applicable here. Accordingly, Forgey's memorandum must also explain why he believes removal of the claim originally filed in 20D06-1007-CC-400, which was instituted in July 2010, is timely under 28 U.S.C. § 1446.

Additionally, Forgey has provided the Court with a complaint which appears to stand independently of the action Forgey has removed to this Court. Perhaps Forgey is attempting to assert a counter, cross, or third-party claim, but if that is his intention, then he needs to follow the proper procedures for making such a claim. Perhaps Forgey intends to file a separate action; if so, a

new case must be opened. This Court cannot divine Forgey's intentions. Accordingly, Forgey's memorandum shall inform this Court whether it is his intention to bring a separate lawsuit against Midland Funding LLC, Christopher M. Manhart, and Does 1 through 10, or whether he intends to bring a counter, cross or third-party claim against these defendants as part of the same action which he has removed to this Court.

Additionally, Forgey's *in forma pauperis* petition references that Forgey's wife pays his car payments, and it therefore appears that there may be sources of household income. Accordingly, Forgey must complete a more detailed application to proceed in district court without prepaying fees or costs (Form AO 239). These additional details are necessary before this Court can determine whether Forgey is financially eligible for IFP status. Forgey's *in forma pauperis* application is **TAKEN UNDER ADVISEMENT** and the Clerk is **ORDERED** to provide Forgey with Form AO 239, and Forgey is **ORDERED** to either pay the $350 civil filing fee or provide this Court with a completed Form AO 239.

Forgey must comply with this Court's order on or before November 14, 2011. Failure to do so may result in remand of the Elkhart Superior Court action, 20D06-1007-CC-400, and dismissal of his complaint.

**DATED: October 19, 2011**          /s/RUDY LOZANO, Judge
                                     **United States District Court**